## McCLURE v. NEW YORK LIFE INS. CO.
## COMMERCIAL NAT. BANK OF SHREVEPORT v. PRUDENTIAL INS. CO.
## McCLURE v. GUARDIAN LIFE INS. CO. OF AMERICA.
### Nos. 1954, 1955, 1958.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 9, 1931.

Pugh, Grimmet & Boatner and F. Simon, all of Shreveport, La., for plaintiffs.

Thatcher, Browne, Porteous & Myers, of Shreveport, La., for defendant New York Life Ins. Co.

Melvin F. Johnson, of Shreveport, La., for defendant Prudential Ins. Co.

Hardy & Hardy, of Shreveport, La., for defendant Guardian Life Ins. Co.

DAWKINS, District Judge.

■ The above suits were brought by the widow of J. D. McClure, deceased, and the tutor of his minor children, the Commercial National Bank of Shreveport, upon the double indemnity provisions of life insurance policies, providing that, in event of his death resulting directly and independently of all other causes, from bodily injury, effected solely through external, violent, and accidental causes, the insurer should pay twice the face of the policies.

The defendants have filed in each case similar motions to dismiss, asking that the plaintiff be required to furnish further particulars as to the manner of the death of McClure, as follows:

"(a) The place and time.

"(b) What were the circumstances under which the deceased lost his life.

"(c) The exact manner of his death or of finding the body.

"(d) The manner of and circumstances surrounding the alleged accidental discharge of the shot-gun.

"(e) The agency by which the discharge was fired."

The allegation as to death in each petition is as follows: "That on the 24th day of Oc-

tober, 1929, petitioner's husband, the said John Dale McClure, died, his death resulting from bodily injury effected directly, and independently of all other causes, through the accidental discharge of a shot-gun, causing immediate death, and that due proof of such injury and death has been furnished to said ——— Insurance Company."

It will be noted that the plaintiff does not allege that the gun by which McClure was killed was discharged in the hands of some one else, or by some accidental manner, in the hands of the deceased. If the former were true, there might arise, as a matter of defense, the question of whether McClure was the aggressor in a personal difficulty with some other person, whereas, in the latter event, it might plead suicide. Then, too, I think the defendants are entitled to know the place where the alleged accident occurred; otherwise the information demanded seems to me to involve mere details of evidence which the plaintiff does not have to allege. Of course, if the plaintiff does not know whether the gun was discharged by some one else or in the hands of the deceased, she could simply allege the circumstances of the finding of the body, weapon, etc. In that event, it would be a question of fact for the jury to decide whether the death was accidental within the meaning of the policy, as neither suicide nor murder will be presumed from the bare fact of the killing of an individual by a gunshot wound. Missouri State Life Insurance Co. v. Roper (C. C. A.) 44 F.(2d) 897.

The plaintiff will therefore be required to amend, by naming the place, that is, on what part of the premises McClure was killed, and whether, if she knows, by some one else, and, if not, the circumstances surrounding the finding of the body.